UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID KILLEBREW-BEY,

    Plaintiff,

v.

ONE MAIN HOLDINGS, INC., and
SIGNATURE RECOVERY
SERVICES, INC.,

    Defendants.
_____/

Case No. 2:25-cv-11255

Honorable Susan K. DeClercq
United States District Judge

**OPINION AND ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS* (ECF Nos. 5; 7) AND SUMMARILY DISMISSING PLAINTIFF'S AMENDED COMPLAINT (ECF No. 6)**

In May 2025, Plaintiff David Killebrew-Bey, proceeding *pro se*, sued Defendants One Main Holdings, Inc. ("One Main"), and Signature Recovery Services, Inc. (SRS). He seeks "a declaratory judgment that [he] has lawfully settled and discharged all obligations with Defendants," and an order directing "Defendants to cease all collection efforts and remove any reference to unpaid balances." ECF No. 6 at PageID.31. Killebrew-Bey also applied to proceed *in forma pauperis*. ECF Nos. 5; 7. The application supports his claim of poverty, so it will be granted. However, as explained below, he does not state a claim on which relief may be granted so his case will be dismissed *sua sponte*.

# I. BACKGROUND

On May 1, 2025, Killebrew-Bey filed a three-count complaint against Defendants, alleging that he "entered into a credit agreement" with One Main that was "secured by a 2017 Chrysler Pacifica." ECF No. 1 at PageID.2. According to Killebrew-Bey, One Main "utilized [his] credit application to fund the loan and subsequently charged [him] for the same, effectively creating a double obligation." *Id.* Killebrew-Bey further alleges that after One Main funded the auto loan, SRS—a repossession services company—arrived at his house and repossessed his Chrysler Pacifica. *Id.* Killebrew-Bey says that he "sent multiple notices to Defendants requesting clarification and resolution" of the alleged loan dispute and subsequent repossession, but neither Defendant responded to those notices. *Id.* Killebrew-Bey asserts that Defendants failures to respond to his notices constitute "a breach of contract and violation of federal statutes." *Id.* Accordingly, Killebrew-Bey's original complaint alleged the following counts:

| COUNT | CLAIM |
|---|---|
| I | "Violation of 18 U.S.C. §§ 891–894 (Extortionate Credit Transactions)" against One Main. |
| II | "Violation of the Fair Debt Collection Practices Act (FDCPA)" against SRS. |
| III | "Breach of Contract and Fiduciary Duty" against both Defendants. |

*Id.* But five days later, Killebrew-Bey filed an amended complaint which alleged fewer facts than his original complaint and alleged only one count against both Defendants: a violation of the Securities and Exchange Commission's (SEC) anti-

- 2 -

Case 2:25-cv-11255-SKD-DRG   ECF No. 8, PageID.67   Filed 12/12/25   Page 3 of 6

fraud rule, 17 C.F.R. § 240.10b-5. ECF No. 6 at PageID.31. Indeed, Killebrew-Bey's amended complaint contains no allegations about an auto loan, a Chrysler Pacifica, or any subsequent repossession of that vehicle. *See generally* ECF No. 6. The amended complaint merely alleges that Killebrew-Bey "submitted three formal notices to Defendants . . . requesting full disclosure of financial instruments, accounting, and the status of obligations allegedly owed by the Estate," but that neither Defendant responded to his requests. *Id.* at PageID.31.

## II. LEGAL STANDARD

Because Killebrew-Bey proceeds *in forma pauperis*, his claims must be reviewed under the standards set forth in 28 U.S.C. § 1915(e)(2). *See McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007) (recognizing that courts "must still screen" non-prisoner complaints under § 1915(e)(2)). Specifically, the Court must dismiss any claim that "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

Killebrew-Bey also proceeds *pro se*, and so his pleadings are held to "less stringent standards than formal pleadings drafted by lawyers" and are liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Even so, Killebrew-Bey is not immune from compliance

with the Civil Rules. His complaint must still set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," FED. R. CIV. P. 8(a)(2), one that would "give the defendant fair notice" of what the claim is and the grounds on which it rests. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). Further, his complaint must still "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)) (holding that the Civil Rule 12(b)(6) standard also applies to dismissals under § 1915(e)(2)(B)(ii)).

## III. ANALYSIS

As an initial matter, this Court notes that Killebrew-Bey's *amended* complaint, ECF No. 6, is the operative complaint that will be screened under § 28 U.S.C. 1915(e)(2) "because an amended complaint supersedes all prior complaints." *Drake v. City of Detroit, Mich.*, 266 F. App'x 444, 448 (6th Cir. 2008). Turning, then, to the substance of Killebrew-Bey's amended complaint, it does not state a claim on which relief may be granted, so it will be dismissed and the case will be closed.

"Section 10(b) of the Securities Exchange Act and Rule 10b-5 promulgated thereunder prohibit 'fraudulent, material misstatements or omissions in connection with the sale or purchase of a security.'" *La. Sch. Emps.' Ret. Sys. v. Ernst & Young, LLP*, 622 F.3d 471, 478 (6th Cir. 2010) (quoting *Frank v. Dana Corp.*, 547 F.3d 564,

569 (6th Cir. 2008)). To state a claim under Section 10(b) and Rule 10b-5, "a plaintiff must plead with particularity six elements: '(1) a material misrepresentation or omission by the defendant; (2) scienter; (3) a connection between the misrepresentation or omission and the purchase or sale of a security; (4) reliance upon the misrepresentation or omission; (5) economic loss; and (6) loss causation.'" *Teamsters Loc. 237 Welfare Fund v. ServiceMaster Glob. Holdings, Inc.*, 83 F.4th 514, 525 (6th Cir. 2023) (quoting *Stoneridge Inv. Partners, LLC v. Sci-Atlanta, Inc.*, 552 U.S. 148, 157 (2008)). "If a plaintiff fails to plausibly allege even one of these elements, a securities-fraud claim cannot proceed." *Pittman v. Unum Grp.*, 861 F. App'x 51, 53 (6th Cir. 2021).

Here, Killebrew-Bey alleges Defendants made material omissions when they "failed to respond or rebut" the notices he sent to Defendants on October 7, 2024, October 30, 2024, and March 23, 2025. ECF No. 6 at PageID.31. But Killebrew-Bey does not allege scienter for either Defendant. Nor does he allege that a connection exists between these alleged material omissions by Defendants to Killebrew-Bey and his own purchase or sale of a security. Moreover, Killebrew-Bey does not allege that he relied upon these alleged material omissions by Defendants during the purchase or sale of securities.

At bottom, Killebrew-Bey has not stated a claim for security fraud under Section 10(b) and SEC Rule 10b-5 on which relief may be granted. *See Pittman*, 861

F. App'x at 53. Thus, his claim must be dismissed under 28 U.S.C. § 1915(e)(2). And because that is the only claim in Killebrew-Bey's operative complaint, his amended complaint, ECF No. 6, will be dismissed, and the case will be closed.

## IV. CONCLUSION

Accordingly, it is **ORDERED** that:

1. Plaintiff's Application to Proceed Without Prepaying Fees or Costs, ECF Nos. 5; 7, is **GRANTED**;

2. Plaintiff's Amended Complaint, ECF No. 6, is **DISMISSED**; and

3. Plaintiff is **DENIED** permission to appeal *in forma pauperis* because an appeal cannot be taken in good faith. *See* 28 U.S.C. § 1915(a)(3).

**This is a final order and closes the above-captioned case.**

*/s/Susan K. DeClercq*
SUSAN K. DeCLERCQ
United States District Judge

Dated: December 12, 2025